**KASHA K. POLLREISZ**
California State Bar No. 204148
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467, Ext. 3737
Facsimile: (619) 687-2666
Kasha_Pollreisz@fd.org

Attorneys for Mr. Barragan-Tapia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE THOMAS J. WHELAN**)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>Jonathan Barragan-Tapia,<br>Defendant. | ) | CASE NO. 07CR3289-TJW<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

These motions rely upon the statement of facts as they are laid out in the complaint filed by the government. Mr. Barragan-Tapia reserves the right to challenges the accuracy of the facts alleged in the complaint. These challenges will best be exposed in an evidentiary hearing and further explained in additional motions.

**II.**

**MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE**

At this time Mr. Barragan-Tapia has received some discovery. Mr. Barragan-Tapia requests the following discovery. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any

"closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests such notice two weeks before trial in order to give the defense time adequately to investigate and prepare for trial.

(3) Evidence Seized. The defendant requests production of evidence seized as a result of any search. Fed. R. Crim. P. 16(a)(1)(E). He wishes to inspect the evidence before trial. **Specifically, the defense requests the opportunity to inspect the physical items seized in this case. In addition, the defense wishes to inspect the heroin allegedly found in the vehicle.** See Section III, below. **A preservation order is attached below for this Court's signature.**

(4) Request for Preservation of Evidence. The defendant specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, any samples of narcotics used to run any scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle which the defendant drove, the defendant's personal effects, and any evidence seized from the defendant or any third party.

In addition, Mr. Barragan-Tapia specifically requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the

present case for impeachment material. Kyles v. Whitley, 115 S. Ct. 1555 (1995); United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); but see United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).

(5) Tangible Objects. The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). Specifically, Mr. Barragan-Tapia requests color copies of all photographs in the government's possession of the alleged narcotics and the vehicle in which the narcotics were found. It is defense counsel's experience that black-and-white copies do not accurately depict the photographs retained by the government. **A preservation order is attached below for this court to sign.**

(6) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G). This request includes, but is not limited to, disclosure of the qualifications of any government witness who will testify that he understands and/or speaks Spanish or any other foreign language that may have been used during the course of an interview with Mr. Barragan-Tapia or any other witness.

(7) Evidence of Bias or Motive to Lie. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony.

(8) Impeachment Evidence. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; Brady v. Maryland.

(9) Evidence of Criminal Investigation of Any Government Witness. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(10) Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(11) Witness Addresses. The defendant requests the name and last known address of each prospective government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.

(12) Name of Witnesses Favorable to the Defendant. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant.

(13) Statements Relevant to the Defense. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(14) Jencks Act Material. Mr. Barragan-Tapia requests production in advance of the motion hearing or trial of all material, including dispatch tapes, that the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963); see also United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991) (holding that interview notes constitutes Jencks material when an agent reviews notes with the subject of the interview); see also United States v. Riley, 189 F.3d 802, 806-808 (9th Cir. 1999). Advance production will avoid the possibility of delay of the motion hearing or trial to allow Mr. Barragan-Tapia to investigate the Jencks material. Mr. Barragan-Tapia requests pre-trial disclosure of such statements to avoid unnecessary recesses and delays and to allow defense counsel to prepare for, and use properly any Jencks statements during cross-examination.

(15) Giglio Information. Under Giglio v. United States, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government

witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

(16) Scientific and Other Information. To the extent not already provided, the defendant requests the results of any scientific or other tests or examinations, including testing done on the alleged marijuana. See Rule 16(a)(1)(F).

(17) Informants and Cooperating Witnesses. The defense requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime. Roviaro v. United States, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.

(18) Personnel Records of Government Officers Involved in the Arrest. Mr. Barragan-Tapia specifically requests all citizen complaints and other related internal affairs documents involving any of the Customs officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of his, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

(19) Government Examination of Law Enforcement Personnel Files. The defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. He requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

(20) DEA 7 Form. Mr. Barragan-Tapia requests a copy of the DEA 7 form that should indicate the alleged weight and purity of the contraband in this case.

(21) Residual Request. Mr. Barragan-Tapia intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Mr. Barragan-Tapia requests that the government provide him with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

Mr. Barragan-Tapia requests that the government provide him and his attorney with the above requested material well in advance of motions hearings and trial. This lead time is necessary in order for defense counsel to effectively investigate this case and assist Mr. Barragan-Tapia in preparing his defense.

## III.

## THIS COURT SHOULD SEVER MR. BARRAGAN-TAPIA'S CASE FROM HIS CO-DEFENDANTS IN ORDER TO CONSTITUTIONALLY PRESERVE HIS RIGHT TO A FAIR TRIAL.

Mr. Barragan-Tapia moves for this motion pursuant to Fed. R. Crim. P. 14 and 8, on grounds that he will be prejudiced by joinder with the codefendant. Under Federal Rule of Criminal Procedure 14, if it appears that a defendant is prejudiced by a joinder of defendants in an indictment or by joinder for trial together, the court may grant a severance or provide whatever other relief justice requires. See, e.g., United States v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980), cert. denied, 449 U.S. 856 (1980). Although a motion for severance is addressed to the trial court's discretion, (see e.g. United States v. Seifert, 648 F.2d 557, 563 (9th Cir. 1990)), the granting of such a severance is warranted when there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence. United States v. Zafiro, 560 U.S. 534, 542 (1993); United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991). In the present case, Mr. Barragan-Tapia maintains that his co-defendant, Mr. Melendrez, may be a potential witness to his lack of knowledge, but will refuse to give specific exculpatory testimony if they are tried together. As such, the Court should sever Mr. Barragan-Tapia's trial from that of the co-defendant.

A severance in order to facilitate the testimony of a co-defendant is proper under Rule 14 when a three element test is met. The defendant must show that (1) the defendant would call his

co-defendant to the stand in the severed trial, (2) that the co-defendant would testify, and (3), that the testimony would be favorable to the severing party. United States v. Reese, 2 F.3d 870, 982 (9th Cir. 1993), cert. denied, 510 U.S. 1094, 114 S. Ct. 928 (1994) (citing United States v. Hernandez, 952 F.2d 1110, 1115 (9th Cir.) cert. denied, 506 U.S. 920 (1992)). Mr. Barragan-Tapia would call Mr. Melendrez to testify at trial if the defendants were severed. If called, it is substantially likely that the Mr. Melendrez would testify on behalf of Mr. Barragan-Tapia, because his own trial should be complete by the time that Mr. Barragan-Tapia's trial commences.[1] Further, it is strongly believed that Mr. Melendrez could, and would, provide favorable testimony on behalf of Mr. Barragan-Tapia.

Even if a co-defendant would not voluntarily testify at his separate trial, Mr. Barragan-Tapia has a constitutional right to call him as a witness. If a co-defendant is called as a witness and refuses to answer questions based on Fifth Amendment privilege, Mr. Barragan-Tapia can seek to compel that testimony by requesting immunity as to statements in court. At that time, Mr. Aquino could seek an order requiring the government to grant use immunity to the co-defendant's testimony under 18 U.S.C. § 6003(b)(1). Such use of this statute is compelled by the Sixth Amendment's guarantee of compulsory process and by the Fifth Amendment's due process considerations of fairness. See United States v. Leonard, 494 F.2d 955, 985 n.79 (D.C. Cir. 1974) (concurring and dissenting opinion of J. Bazelon).

If statutory immunity is not appropriate, the Court can confer immunity independent of the prosecutor's statutory power because Mr. Barragan-Tapia would be "prevented from presenting exculpatory evidence which is crucial to [his] case." Government of the Virgin Islands v. Smith, 615 F.2d 964, 969-70 (3d Cir. 1980); see United States v. Alessio, 528 F.2d 1079 (9th Cir.), cert. denied, 426 U.S. 948 (1976). Mr. Barragan-Tapia's rights to compulsory process and to due process of law entitle him to a separate trial if the co-defendant refuses to testify at a joint trial.

---

[1] Mr. Barragan's trial should be continued so that it occurs after Mr. Melendrez's trial. The Ninth Circuit has stated in dicta that it is an abuse of discretion to sentence a severed trial before that of the former co-defendant's trial when the severance was granted to enable the co-defendant's witness to give exculpatory testimony. United States v. Tham, 960 F.2d 1391, 1397 (9th Cir. 1991). Situating the trial after that of the testifying co-defendant's trial ensures that the co-defendant will not be forced to invoke the Fifth Amendment, and thereby prevent the airing of the exculpatory testimony that the severance was designed to facilitate in the first place. Id.

In the alternative, Mr. Barragan-Tapia reserves the right to provide the Court with an affidavit which satisfies the requirements of Vigil, and thus supports the granting of a severance. United States v. Vigil, 561 F.2d 1316 (9th Cir. 1977); United States v. Echeles, 352 F.2d 892 (7th Cir. 1965). Upon filing of an affidavit to this effect, Mr. Barragan-Tapia is entitled to severance of his case from that of his co-defendants.

## IV.

## LEAVE TO FILE FURTHER MOTIONS

Mr. Barragan-Tapia and defense counsel have received **some** pages of discovery in this case. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions. For this reason, defense counsel requests leave to file further motions.

## V.

## CONCLUSION

For the reasons stated, Mr. Barragan-Tapia requests that this Court grant his motions.

Respectfully Submitted,

/s/ *Kasha K. Pollreisz*

Dated: January 30, 2008

**KASHA K. POLLREISZ**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Barragan-Tapia
Kasha_Pollreisz@fd.org